```
                    THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRIAN GREEN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 07-2962 (JBS) |
| v. | |
| COUNTY OF GLOUCESTER, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge**:

   1.  This matter comes before the Court on a motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56(c), by Defendants County of Gloucester, Gloucester County Board of Chosen Freeholders, Gloucester County Department of Correctional Services, Gloucester County Sheriff's Department, John Tevoli, W. Stanley Nunn, Frank J. DeMarco and Robert Balicki ("the Gloucester County Defendants").  The Gloucester County Defendants argue that Plaintiff's claims arising under New Jersey tort law should be dismissed because Plaintiff failed to file a timely notice of tort claim, as required by the New Jersey Tort Claims Act ("TCA" or "the Act").  Plaintiff opposes, arguing that his failure should be excused because in this case the failure does not frustrate any policies underlying the notice requirement of the TCA.

   2.  As explained below, Plaintiff's admitted failure to file a timely notice of tort claim is not excusable in this case;

therefore the Court shall grant the motion for partial summary judgment and bar all of Plaintiff's tort claims against the County Defendants.

3. Plaintiff Brian Green was incarcerated at the Gloucester County Correctional Facility from September 23-30, 2004.[1] During that incarceration, he developed an infection that began causing symptoms after his release. Plaintiff claims that he acquired an infection caused by staphylococcus aureus bacteria and that the Defendants are liable for his injuries. Several other inmates have filed similar claims against the Gloucester County Defendants that are pending in this Court and have been consolidated for purposes of discovery. See Collins v. County of Gloucester, No. 06-2589 (D.N.J. Feb. 5, 2008) (sixth order of consolidation).

4. Defendants County of Gloucester, Gloucester County Board of Chosen Freeholders, Gloucester County Sheriff's Department and Gloucester County are governmental entities. Defendant John Tevoli was the warden at Gloucester County Correctional Facility from May 27, 2003 through January 3, 2005. Defendant W. Stanley Nunn was the Director of the Gloucester County Department of Correctional Services from May 1, 2003 through January 3, 2005.

---

[1] The facts set forth here are not in dispute for purposes of this motion and are drawn from Plaintiff's response to the Gloucester County Defendants' Statement of Undisputed Material Facts.

Defendant Frank J. DeMarco is a Freeholder on the Gloucester County Board of Chosen Freeholders. Defendant Robert Balicki is the current Director of the Gloucester County Department of Correctional Services. Those individuals were all alleged to be working for a governmental entity at all times relevant to Plaintiff's complaint.

5. Plaintiff filed this action in the Superior Court of New Jersey for Gloucester County on November 27, 2006. Defendants removed the case to this Court on June 26, 2007. Counts One and Five of the Complaint assert tort claims against the Gloucester County Defendants.

6. Neither Plaintiff nor his representative filed a notice of tort claim prior to instituting this action. Instead, the notice was filed and served on or about February 13, 2007. Neither Plaintiff nor his representative filed a motion for leave to extend the time to file a notice of tort claim prior to September 30, 2005, or at any time.

7. Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only

if it might affect the outcome of the suit under the applicable rule of law. Id. In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Liberty Lobby, 477 U.S. at 255).

8. The New Jersey Tort Claims Act (the "Tort Claims Act") states that "[n]o action shall be brought against a public entity or public employee under [the Tort Claims Act] unless the claim upon which it is based shall have been presented in accordance with the procedures set forth in this Chapter." N.J. Stat. Ann. § 59:8-3. Specifically, under the Act, a claimant must sign and file a notice of tort claim (a "Notice of Claim") with the public entity within 90 days from accrual of the cause of action. Id. § 59:8-8.[2] After the Notice of Claim is filed, a plaintiff must

---

[2] N.J. Stat. Ann. § 59:8-8, states:

> A claim relating to a cause of action for death or for injury . . . to person . . . shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action.  After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a.  He failed to file his claim with the public entity within 90 days of accrual of his claim except as

wait six months before filing suit against the public entity or employee in an appropriate court.  Id.

9.  N.J. Stat. Ann. § 59:8-9 establishes the only exception to the requirement that a claimant file a Notice of Claim within 90 days from the date of accrual.[3]  Under Section 59:8-9, upon a motion from the claimant supported by affidavits, the district court has discretion to allow late filing of a Notice of Claim if made within one year of the claim accrual date provided that (1) the claimant seeking to file a late claim shows reasons constituting "extraordinary circumstances" for the claimant's failure to meet the 90-day filing requirement and (2) that the defendant(s) are not "substantially prejudiced thereby."  N.J.

---

otherwise provided in section 59:8-9 . . . .

[3]  N. J. Stat. Ann. § 59:8-9 states, in pertinent part:

A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of [the Tort Claims Act], may, in discretion of a judge . . ., be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of [the Tort Claims Act] or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter . . . .

N.J. Stat. Ann. § 59:8-9.

Stat. Ann. § 59:8-9.  The existence of "extraordinary circumstances" is determined by the courts on a case-by-case basis.  <u>Rolax v. Whitman</u>, 175 F. Supp. 2d 720, 730-31 (2001), <u>aff'd</u>, 53 F. App'x. 635 (2002); <u>S.P. v. Collier High Sch.</u>, 319 N.J. Super. 452, 465 (App. Div. 1999).

    10.  Plaintiff's tort claims are against public entities and public employees and, consequently, Plaintiff was required to file a Notice of Claim with Gloucester County within 90 days of the accrual of her claim.  <u>See</u> <u>Forcella v. City of Ocean City</u>, 70 F. Supp. 2d 512 (D.N.J. 1999); <u>Velez v. City of Jersey City</u>, 180 N.J. 284, 296 (2004) (notice must be given only to the governmental entity but failure to provide notice also bars claims against employees).

> N.J.S.A. 59:8-8 was amended in 1994 to require a complaining party to give a public entity notice of "[a] claim relating to a cause of action for death or for injury or damage to person or to property" against a public entity *or public employee*. Otherwise, "[t]he claimant shall be forever barred from recovering against a public entity or public employee." <u>Ibid.</u>

<u>Id.</u> at 293 (emphasis added).

    11.  By the unambiguous terms of the Act, Plaintiff is barred from bringing a tort action against the Gloucester County Defendants.  Plaintiff failed to file a timely notice of tort claim with the County or to seek an extension of time to do so within one year of the accrual of the claim.  There is no

6

argument - or evidence - that the claim accrued later than Plaintiff's release from Gloucester County Correctional Facility on September 30, 2004. Nor was there a request, pursuant to N.J. Stat. Ann. § 59:8-9, to extend the deadline for filing a notice of tort claim. The notice of tort claim was actually filed February 13, 2007, more than two years after the claim accrued. Accordingly, New Jersey law bars the tort claims asserted against the Gloucester County Defendants in this action. See Sinclair v. Dunagan, 905 F. Supp. 208, 211 (D.N.J. 1995) ("The filing of the notice is a statutory procedural prerequisite to filing suit . . . . Absent notice, an action may not proceed.").

12.  Plaintiff "acknowledges that a New Jersey Tort Claims Act Notice was not filed in complete conformity" with the statutory requirements, but argues that his "state law tort claims should not be barred as the purpose of the Act has been served." (Pl. Br. at 4.) Specifically, Plaintiff argues that Defendants were on notice since May 2003 that inmates at the Gloucester County Correctional Facility were being exposed to MRSA (methicilin-resistant staphylococcus aureus bacteria) and were investigating claims of such exposure and trying to correct the conditions. Plaintiff cites no authority for his argument that a Court may disregard the mandatory notice requirements of the Act so long as doing so does not undermine the policy objectives of the Act. The Tort Claims Act is clear; absent a

timely notice of claim or an extension for extraordinary circumstances within one year under N.J. Stat. Ann. § 59:8-9, a tort action against covered public entities and employees is barred.

13.  Originally, Defendants appeared to request dismissal of Counts One and Five in their entirety.  However in Plaintiff's opposition, he argued that those counts also contain claims pursuant to statutory and constitutional law.  In Defendants' reply, they conceded that only the tort claims should be dismissed.  However, Counts One and Five reference no constitutional or statutory provision and instead allege only fraudulent concealment and negligence and describe the damages Plaintiff is seeking.  In other counts of the Complaint, Plaintiff did make specific reference to constitutional provisions.

14.  Thus, even a liberal construction of Counts One and Five fails to notify Defendants or the Court of what potential basis for relief Plaintiff may be asserting apart from the now-barred tort claims.  See Fed. R. Civ. P. 8(a) (requiring short and plain statement that shows pleader entitled to relief).

> Federal Rule of Civil Procedure 8(a)(2) requires . . . "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007).

15. Because Counts One and Five assert tort claims that are barred by the New Jersey Tort Claims Act, the Court shall dismiss those claims (as well as any other tort claims purportedly asserted in this action) as to the Gloucester County Defendants.

16. However, because Plaintiff claims that Counts One and Five also assert non-tort claims but the Court is unable to discern what those claims might be, the Court shall direct Plaintiff to amend Counts One and Five of the Complaint within fourteen days to specify any statutory or constitutional grounds for relief not arising under the New Jersey Tort Claims Act that Plaintiff intended to assert therein.  Plaintiff is not permitted hereby to amend any other aspect of the Complaint and shall notify the Court promptly if he does not wish to amend Counts One and Five, in which case those counts will be deemed dismissed in their entirety.  An accompanying Order shall be entered.

**August 4, 2008**                              **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                U.S. District Judge